1 | Muriel B. Kaplan, Esq. (SBN 124607)
Shivani Nanda, Esq. (SBN 253891)
2 | SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3 | San Francisco, CA 94104
(415) 882-7900 – Phone
4 | (415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
5 | snanda@sjlawcorp.com

6 | Attorneys for Plaintiffs

7 |

8 | UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 | NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS
11 | WORKERS PENSION TRUST FUND, et al.

Case No.: C13-04459 CW

**NOTICE AND ACKNOWLEDGMENT; and [PROPOSED] JUDGMENT PURSUANT TO STIPULATION**

12 | Plaintiffs,

13 | v.

14 | U.S. GLASS, INC., a California corporation,

15 | Defendant.

16 |

17 |

18 | IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the

19 | parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs

20 | NORTHERN CALIFORNIA GLAZIERS TRUST FUNDS, et al. (collectively "Plaintiffs" or

21 | "Trust Funds") and against Defendant U.S. GLASS, INC., a California corporation ("Defendant"),

22 | and/or alter egos and/or successor entities, as follows:

23 | 1.    Defendant entered into a valid Collective Bargaining Agreement with the District

24 | Council 16 of the International Union of Painters and Allied Trades and the Northern California

25 | Glass Management Association (hereinafter "Bargaining Agreement"). This Bargaining

26 | Agreement has continued in full force and effect to the present time.

27 | 2.    MARK ROBERT DUTROW, RMO/CEO/President of U.S. GLASS, INC.,

28 | acknowledges receipt of the following documents in this action on behalf of U.S. Glass:

Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Civil Standing Order for Magistrate Judge Kandis A. Westmore; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; Notice of Assignment of Case to a United State Magistrate Judge for Trial; Consent to Proceed Before a United States Magistrate Judge (blank form); Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge (blank form); ECF Registration Information Handout; Welcome to the Oakland Divisional Office of the United States District Court; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; Plaintiff's Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge (Dkt. #5); Clerk's Notice of Impending Reassignment to U.S. District Judge (Dkt. #6); Order Reassigning Case to the Honorable Judge Claudia Wilken (Dkt. #7); Case Management Scheduling Order for Reassigned Civil Case (Dkt. #8); Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement (Dkt. #8-1).

        3.      MARK ROBERT DUTROW acknowledges that he is the RMO/CEO/President of U.S. Glass, Inc. and specifically consents to the Court's jurisdiction for all proceedings herein. Mr. Dutrow (hereinafter "Guarantor") also confirms that in consideration of the within payment plan he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledges that all affiliates, related entities and successors in interest to U.S. Glass, Inc. and/or any subsequent entity wherein Mr. Dutrow is a principal shall also be bound by the terms of this Stipulation as Guarantors, and also consent to this Court's jurisdiction. Defendant and any additional entities in which MARK ROBERT DUTROW is an officer, owner or possesses any ownership interest, including all successors in interest, assignees, and affiliated entities (including, but not limited to parent or other controlling companies), and any companies with which U.S. Glass, Inc. joins or merges, if any, shall also be bound by the terms of this Stipulation. Defendant/Guarantor and all such entities specifically consent to the Court's jurisdiction, which

**NOTICE AND ACKNOWLEDGMENT; and [~~PROPOSED~~] JUDGMENT PURSUANT TO STIPULATION**
Case No.:  C13-04459 CW

1  shall be specified in writing at the time of any assignment, affiliation or purchase of

2  Defendant/Guarantor, along with the obligations to the terms herein.

3        4.        Defendant has become indebted to the Trust Funds as follows:

| Work Month | Unpaid Contributions | 20% Liquid. Damages on reported contributions | 5% Interest (thru 10/9/13) on unpaid contributions | Total |
|---|---|---|---|---|
| May 2013 (reported $79,427.57) | $75,551.63 | $15,885.51 | $1,035.00 | $92,472.14 |
| June 2013 (reported $58,979.35) | $53,942.35 | $11,795.87 | $509.91 | $66,248.13 |
| July 2013 (reported $48,594.39) | $48,174.02 | $9,718.88 | $250.80 | $58,143.70 |
| August 2013 (reported $59,615.17) | $53,847.79 | $11,923.03 | $59.04 | $65,829.86 |
| **Subtotals:** | **$231,515.79** | **$49,323.29** | **$1,854.75** | |

| | |
|---|---|
| **Unpaid Contributions, Interest thereon, Liquidated Damages** (5/13-8/13, breakdown above) | **$282,693.83** |
| **10% Liquidated Damages on prior late-paid Contributions** (10/11-11/11; 7/12-9/12) | **$6,444.38** |
| **Attorneys' Fees (through 10/8/13)** | **$4,356.00** |
| **Complaint Filing Fee** | **$400.00** |
| **Grand Total:** | **$293,894.21** |

5        5.        Defendant shall *conditionally* pay the amount of **$238,126.54,** representing the balance of the above amounts, less liquidated damages in the amount of $**55,767.67**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

        (a)        Beginning on **November 1, 2013**, and the first day of each month thereafter for a period of eighteen (18) months through and including April 1, 2015, Defendant/Guarantor shall pay to Plaintiffs the amount of **$13,760.00** per month;

        (b)        Payments may be made by joint check, to be endorsed to Plaintiffs prior to submission. Any and all joint checks received for amounts owed under the Stipulation will be

NOTICE AND ACKNOWLEDGMENT; and **[PROPOSED]** JUDGMENT PURSUANT TO STIPULATION
Case No.:  C13-04459 CW

P:\CLIENTS\GLACL\U.S  Glass, Inc\Pleadings\Notice and Ack. and Judgment Pursuant to Stipulation.docx

1   applied to reduce the balance due.  Defendant/Guarantor shall have the right to increase the

2   monthly payments at any time and there is no penalty for prepayment;

3          (c)     Payments shall be applied first to unpaid interest and then to unpaid

4   principal.  The unpaid principal balance shall bear interest from October 10, 2013, at the rate of

5   5% per annum in accordance with the Collective Bargaining Agreements and Plaintiffs' Trust

6   Agreements;

7          (d)     Checks shall be made payable to the ***Northern California Glaziers Trust***

8   ***Fund***, and delivered on or before each due date to Shivani Nanda, Esq. at Saltzman & Johnson

9   Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such

10  other address as may be specified by Plaintiffs;

11         (e)     Prior to the last conditional payment pursuant to this Stipulation, Plaintiffs

12  shall advise Defendant/Guarantor, in writing, as to the conditional balance due, including interest

13  and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and

14  allocation of the amounts owed to Plaintiffs under this Stipulation, and for all status letters and

15  releases requested by or on behalf of Defendant.  Defendant/Guarantor shall pay all additional

16  attorneys' fees and costs regardless of whether or not Defendant/Guarantor defaults herein.  Any

17  additional amounts due pursuant to the provisions hereunder shall also be paid in full with the

18  October 1, 2014 stipulated payment;

19         (f)     At the time that Defendant/Guarantor makes the 17th conditional payment,

20  Defendant/Guarantor may submit a written request for waiver of liquidated damages directed to

21  the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with the 17th payment.

22  Defendant/Guarantor will be advised as to whether or not the waiver has been granted prior to the

23  final payment hereunder.  Such waiver will not be considered until and unless all other amounts

24  are paid in full and Defendant's account is otherwise current; and

25         (g)     Failure to comply with any of the above terms shall constitute a default of

26  the obligations under this Stipulation and the provisions of ¶11 shall apply.

27         6.      In the event that any check is not timely submitted or fails to clear the bank, or is

28  unable to be negotiated for any reason for which Defendant/Guarantor is responsible,

1  Defendant/Guarantor shall be considered to be in default of the Judgment entered.  If this occurs,

2  Plaintiffs shall make a written demand to Defendant/Guarantor to cure said default *within seven*

3  *(7) days of the date of the notice from Plaintiffs*.  If caused by a failed check, default will only be

4  cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law

5  Corporation within the seven (7) day cure period.  If Defendant/Guarantor elects to cure said

6  default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by*

7  *cashier's check* at Plaintiffs' request.  In the event default is not cured, all amounts remaining due

8  hereunder shall be due and payable on demand by Plaintiffs.

9        7.      Beginning with contributions due for hours worked by Defendant's employees

10  during the month of September 2013, due on October 15, 2013 and delinquent if not received by

11  the Trust Funds before the last business day of the month, and for every month thereafter until this

12  Judgment is satisfied, **Defendant shall remain current in contributions** due to Plaintiffs under

13  the current Collective Bargaining Agreements and under all subsequent Collective Bargaining

14  Agreements, if any, and the Declarations of Trust as amended.  Defendant shall fax a copy of its

15  contribution report for each month, together with a copy of that payment check, *to Shivani Nanda*

16  *at 415-882-9287*, at the same time as sending the payment to the Trust Fund office.

17        Failure to comply with these terms shall also constitute a default of the obligations

18  under this Agreement and the provisions of ¶11 shall apply.

19        8.      Defendant shall make full disclosure of all jobs on which it is working by providing

20  Plaintiffs with an ongoing and updated list of jobs each month, using copies of the attached

21  **Exhibit A**, including, but not limited to, the name and address of the job, the start and completion

22  dates and the identity of General Contractor/Owner/Developer.  This requirement remains in full

23  force and effect regardless of whether or not Defendant has ongoing work. In this event,

24  Defendant shall submit a statement stating that there are no current jobs.  To the extent that

25  Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports

26  are required, copies of said reports *will be faxed to Shivani Nanda* concurrently with its

27  submission to the General Contractor, Owner or other reporting agency.

28        These requirements are concurrent with, and in addition to, the requirements set

805d455e0c4198d0

1  forth above.  Defendant shall fax said updated list each month together with the contribution report
2  on before the last business day of each month (as required by ¶7 of this Stipulation) *to Shivani*
3  *Nanda at 415-882-9287.*

4      9.      Failure to comply with <u>any</u> of the above terms shall constitute a default of the
5  obligations under this Stipulation and the provisions of ¶11 shall apply.  Any unpaid or late-paid
6  contributions, together with 20% liquidated damages and 5% per annum interest accrued on the
7  contributions, pursuant to the Trust Agreements, shall be added to and become a part of this
8  Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under the
9  applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of
10 current and future contributions, and for any additional past contributions not included herein as
11 may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other
12 means, and the provisions of this agreement are in addition thereto.  Defendant/Guarantor
13 specifically waives the defense of the doctrine *res judicata* as to any such additional amounts
14 determined as due**.**

15     10.     **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in
16 order to confirm proper reporting and payment of contributions pursuant to the Bargaining
17 Agreement, any failure by Defendant to comply with said request shall constitute a default of the
18 obligations under this Agreement.

19         (a)     In the event that Defendant has an audit in progress, but not yet complete
20 (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand
21 to Defendant/Guarantor by first class mail for payment in full of the amounts found due in the
22 audit, including contributions, liquidated damages, interest and audit fees;

23         (b)     Defendant/Guarantor will be provided ten (10) days in which to review the
24 audit, and provide evidence to contest the findings in the event that Defendant/Guarantor does not
25 agree with the total found due. Once the ten (10) day review period expires, in the event that the
26 audit is not contested, payment in full shall be delivered to Shivani Nanda;

27         (c)     If the audit is contested, and Defendant/Guarantor provides documentation
28 in support of the dispute, Defendant/Guarantor shall be notified as to whether revisions will be

made to the audit. If revisions are not made, payment will be immediately due;

(d)     If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing;

(e)     If Defendant/Guarantor is unable to make payment in full, Defendant may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein. If the Judgment is so revised, Defendant/Guarantor shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment.  Failure to execute the revised agreement shall constitute a default of the terms herein; and

(f)     Failure by Defendant/Guarantor to submit either payment in full or a request to add the amounts found due on audit to this Judgment within ten (10) days of the date of Plaintiffs' demand shall constitute a default of the obligations under this agreement.  All amounts found due on audit shall immediately become part of this Judgment.

11.     In the event that Defendant or Guarantor fails to make any payment required under ¶5 above, or otherwise defaults on the obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

(a)     The entire balance of **$293,894.21**, as specified in ¶4, plus interest, but reduced by principal payments received from Defendant/Guarantor, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b)     A Writ of Execution may be obtained against Defendant and Guarantor without further notice to Defendant or Guarantor, in the amount of the unpaid balance plus any additional amounts due under the terms herein.  Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant or Guarantor and the balance due and owing as of the date of default;

(c)     Defendant/Guarantor waive any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal.

(d)     Defendant/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection, allocation or verification of the amounts owed by Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein, including but not limited to fees incurred for issuance of status letters, releases or other documents requested by or for Defendant.

12.     Any failure on the part of Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by Defendant/Guarantor of any provisions herein.

13.     In the event of the filing of a bankruptcy petition by Defendant or Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise.  Defendant/Guarantor nevertheless represents that no bankruptcy filings are anticipated.

14.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

15.     This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant and Guarantor acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant/Guarantor and all of Defendant's control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreements, and applicable laws and regulations.

16. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17. This Stipulation may be executed in any number of counterparts and by email or facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18. Defendant and Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily.

19. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: November 22, 2013              **U.S. GLASS, INC.**

By: _____/S/_____
Mark Robert Dutrow, CEO/President

Dated: November 22, 2013              **MARK ROBERT DUTROW**

By: _____/S/_____
Individually as Personal Guarantor

Dated: November 25, 2013              **SALTZMAN AND JOHNSON LAW CORPORATION**

By: _____/S/_____
Shivani Nanda
Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____, 2013              _____
UNITED STATES DISTRICT COURT JUDGE

**NOTICE AND ACKNOWLEDGMENT; and ~~[PROPOSED]~~ JUDGMENT PURSUANT TO STIPULATION**
Case No.: C13-04459 CW

| | |
|---|---|
| 1 | **EXHIBIT A** |

## JUDGMENT PURSUANT TO STIPULATION

### *JOB REPORT FORM*

**\*\*\* Updated report must be faxed to Shivani Nanda, Esq., at (415) 882-9287
on or before the <u>LAST</u> day of each month \*\*\***

**Employer Name: <u>U.S. GLASS, INC.</u>**

**Report for the month of** _____ **Submitted by:** _____

*Please spell out the names of projects, owners and general contractors.*

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| Project Name: | |
|---|---|
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

*\*\*\* Attach additional sheets as necessary \*\*\**

-1-
**EXHIBIT A TO
NOTICE AND ACKNOWLEDGMENT; and [~~PROPOSED~~] JUDGMENT PURSUANT TO STIPULATION
Case No.: C13-04459 CW**

16.     This Stipulation contains all of the terms agreed by the parties and no other agreements have been made.  Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17.     This Stipulation may be executed in any number of counterparts and by email or facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18.     Defendant and Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily.

19.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: October November 22, 2013          **U.S. GLASS, INC.**

By: _____
     Mark Robert Dutrow, CEO/President

Dated: October November 22, 2013          **MARK ROBERT DUTROW**

By: _____
     Individually as Personal Guarantor

Dated: October Nov. 25, 2013          **SALTZMAN AND JOHNSON LAW CORPORATION**

By: _____
     Shivani Nanda
     Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____ November 26 _____, 2013

_____
UNITED STATES DISTRICT COURT JUDGE

-9-

**NOTICE AND ACKNOWLEDGMENT; and [PROPOSED] JUDGMENT PURSUANT TO STIPULATION**
Case No.:  C13-04459 CW